

STATE OF MAINE
KENNEBEC, ss

UNIFIED CRIMINAL DOCKET
LOCATION: AUGUSTA
Docket No. CR-19-2289

STATE OF MAINE,

v.

JOHN A. RUBINSTEIN,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTION IN
LIMINE**

The State has charged Mr. Rubinstein with Reckless Conduct With a Dangerous Weapon (Class C); Criminal Mischief (Class D); Reckless Operation of a Watercraft (Class D); Operating Watercraft to Endanger (Class E); and Operating Watercraft Greater than Reasonable and Prudent Speed (Class E). Pending before the court is Mr. Rubinstein's motion in limine in which he seeks to exclude the testimony of Game Warden Kevin Anderson, the State's proposed expert on boating conduct and accidents.

## Facts/Background

The charges arise from a boating accident that occurred on August 12, 2019. During the investigation that followed, law enforcement officials took photographs, drafted various reports, and received witness statements. Warden Anderson—who is experienced in boating accident investigations—subsequently reviewed those materials at the State's request. Additionally, on October 22, 2021, he conducted a visual inspection of certain kayaks involved in the accident.

Warden Anderson then drafted a report in which he offers opinions on the cause of the accident, the circumstances of the collision, and describes various Department of Inland Fisheries and Wildlife (IFW) rules that he believes are applicable to this case. The State has indicated that it intends to elicit testimony from Warden Anderson as to whether Mr. Rubinstein violated these rules. Mr. Rubinstein objects to the admissibility of Warden Anderson's opinion testimony under rule 702 of the Maine Rules of Evidence.

1

## Discussion

Rule 702 provides: "A witness who is qualified as an expert by knowledge, skill, training, or education may testify in the form of an opinion or otherwise if such testimony will help the trier of fact to understand the evidence or to determine a fact in issue." M.R. Evid. 702. "To be admissible, 'the expert must be able to provide some insight beyond the kind of judgment an ordinarily intelligent juror can exert.'" *Tolliver v. DOT*, 2008 ME 83, ¶ 28, 948 A.2d 1223. "'The qualification of an expert witness and the scope of his opinion testimony are matters within the discretion of the trial court.'" *Id.*

The Law Court has established a two-part test, originally articulated in *State v. Williams*, 388 A.2d 500, 504 (Me. 1978), for determining whether expert testimony is admissible: "'A proponent of expert testimony must establish that (1) the testimony is relevant pursuant to M.R. Evid. 401, and (2) it will assist the trier of fact in understanding the evidence or determining a fact in issue.'" *Tolliver*, 2008 ME 83, ¶ 29, 948 A.2d 1223. "Further, to meet the two-part test, 'the testimony must also meet a threshold level of reliability.'" *Id.*

Here, Warden Anderson's opinions fall into three general categories, including (1) opinions regarding the cause of the accident (2) opinions related to the reconstruction of the accident, (3) and opinions as to the applicable IFW rules and whether Mr. Rubinstein was in violation of these rules.

With respect to the first category, the State concedes that Warden Anderson should not be permitted to opine as to the cause of the accident and clarifies that it does not intend to offer testimony of this nature. *See* State's Mem. at 2. As such, the State shall refrain from eliciting conclusory testimony regarding the cause of the accident.

The State, however, may introduce Warden Anderson's opinions relative the reconstruction of the accident. Anderson has years of experience in boat crash investigations and has received training specific to boat accident reconstruction. His opinions in this area—for instance, opinions regarding the source of the marks on the kayak and the rate of speed at the time of

2

collision—are relevant to the issues in this case and will aid the jury's understanding of how the accident unfolded. This testimony satisfies the foundational requirements outlined above and is therefore admissible.

Finally, the court agrees with Mr. Rubinstein that Warden Anderson's testimony regarding the IFW rules should be excluded. The court has the discretion to exclude opinions that are "so framed in terms of legal considerations that they will not assist or will confuse a trier of fact." *State v. Willoughby*, 507 A.2d 1060, 1063 n.2 (Me. 1986); *see also State v. Haque*, 1999 ME 30, ¶ 13, 726 A.2d 205; *State v. Flick*, 425 A.2d 167, 171 (Me. 1981). Indeed, expert testimony on purely legal issues is "rarely admissible" as it tends to confuse the roles of witness and judge. *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997).

In this case, Warden Anderson's testimony describing and applying IFW rules is not helpful and has the potential to confuse the jury. The State has not charged any of the rule violations Warden Anderson intends to describe, and his legal recitation has the potential to usurp the court's role in instructing the jury on the applicable law. While a description of the rules will not be allowed, the court finds that Anderson's specialized knowledge regarding boater safety will aid the jury's understanding of the evidence. Accordingly, Warden Anderson may offer general testimony about safe and dangerous boating practices, but he may not tether his discussion to the IFW rules.

### Conclusion

Based on the forgoing, Mr. Rubinstein's motion in limine is GRANTED in part and DENIED in part.

The Clerk may incorporate this Order upon the docket by reference.

Dated: September 14, 2022

The Hon. Deborah P. Cashman
Justice, Maine Superior Court

3

Entered on the docket 9/15/22